IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADP, INC.,

        Plaintiff,                           No. CIV S-07-1256 FCD JFM

    vs.

WILLITS MOTORS SUSANVILLE,
INC., and DON JAHN,                       ORDER

        Defendants.
_____/

        Presently calendared for hearing on January 31, 2008 is plaintiff's motion for entry of default judgment against defendant Willits Motors Susanville, Inc. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        Plaintiff ADP, Inc., a Delaware corporation, brought this action for breach of contract and unjust enrichment/restitution.[1] Defendant Willits Motors Susanville, Inc., is a California corporation with its principal place of business in California. Defendant Don Jahn is or was General Manager of Willits Motors Susanville, Inc. Jurisdiction is proper under 28 U.S.C. § 1332, diversity jurisdiction.

        ADP, Inc., provides digital marketing, internet and related services to automobile dealerships through BZ Results, a part of its Dealer Services Group. Plaintiff alleges the following:

---

[1] The following information is derived from plaintiff's motion for default judgment, supporting papers, and complaint on file herein.

1

Willits Motors ("Willits") entered into a Service Agreement which included, among other things, a Price Agreement, Terms and Conditions Agreement, Marketing Agreement, and Research & Development Agreement ("the Agreement") on July 15, 2006. Plaintiff performed all its obligations and duties under the Agreement, except to the extent that such obligations and duties were excused by Willits' failure to perform its obligations and duties. Willits breached its obligation and duties by failing to pay sums due and by sending a letter repudiating its obligations and duties. Willits contended in the letter of repudiation that its general manager lacked the authority to sign the Agreement. Plaintiff alleges that general manager Don Jahn had the actual authority to sign the Agreement but, in the alternative, alleges that Willits vested the signatory with apparent authority to sign the Agreement. The president of Willits, Verlin L. Willits, was notified by e-mail of the transaction on July 11, 2006, prior to the execution of the Agreement, and Willits accepted performance and made a payment under the Agreement. General Manager Don Jahn signed the Agreement, making an implied and express warranty of his authority to sign on behalf of Willits. Plaintiff seeks actual damages in the amount of $159,250.00, interest, attorneys' fees and costs. However, if for any reason, plaintiff cannot recover on the express contract, plaintiff seeks a judgment for the value of the services it provided and a judgment for restitution for the sums and labor expended on the digital marketing system.

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Rule 55(b)(2) states in pertinent part:

> The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Id.

Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin.

Group, 559 F.2d 557 (9th Cir. 1977)).  It is improper for the court to consider liability issues without first providing notice to plaintiff that the merits will be addressed.  Black v. Lane, 22 F.3d 1395, 1398 (7th Cir. 1994).  Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

Under California law, a breach of contract claim may be established where a party demonstrates:  (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages.  See First Commercial Mortgage Co. v. Reece, 89 Cal.App.4th 731, 108 Cal.Rptr.2d 23, 33 (2001), citing, 4 Witkin, Cal. Procedure (Pleading) §§ 476, (4th ed.1997).

Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned has determined that default judgment against defendant Willits is inappropriate on this record.  The motion for default is insufficient because plaintiff failed to expressly set forth how it calculated actual damages of $159,250.00.  The complaint states defendant made at least one payment, but there is no accounting that reflects defendant was given credit for that payment.  (Id. at 2.)  Moreover, plaintiff contends it has fully performed, "except to the extent that such obligations and duties were excused by Willits' failure to perform its obligations and duties."  (Id.)  On this record, the court cannot determine whether this "exception" was reflected in the calculation of damages.  In order to obtain the entry of a default judgment plaintiff must prove the amount of damages to which it is entitled.  See Shop Ironworkers Local 79 Pension Trust v. United Safe, Inc., No. C99-2745 VRW, 1999 WL 638504, *2 (N.D.Cal. Aug.18, 1999); see also Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16 (1944).

In addition, plaintiff refers to other documentary evidence that would assist the court. For example, plaintiff referred to a purported repudiation letter sent by defendant Willits to plaintiff, and plaintiff's e-mail of the July 11, 2006 transaction sent to Willits prior to the execution of the Agreement. If plaintiff has any documentary evidence that accompanied Willits' alleged payment or payments, that evidence should be submitted as well. The Terms and Conditions Agreement (Complt. at 6) is practically illegible because of poor copy quality and an extremely small-sized font. If counsel could provide a blown-up copy of that page it would also be of assistance.

Finally, the court notes that this is a multiple party lawsuit which raises Fed. R. Civ. P. 54(b) concerns. Plaintiff may wish to address Fed. R. Civ. P. 54(b) in any revised motion for entry of default judgment.

In light of the above, the court will deny plaintiff's motion for default judgment without prejudice to its renewal upon a proper showing.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 31, 2008 hearing is vacated; and

2. Plaintiff's November 12, 2007 motion for default judgment is denied without prejudice.

DATED: December 19, 2007.

UNITED STATES MAGISTRATE JUDGE

001;adpden.def