IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADP, INC.,

    Plaintiff,                      No. CIV S-07-1256 FCD JFM

    vs.

WILLITS MOTORS SUSANVILLE, INC., and DON JAHN,

    Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff's motion for entry of default judgment came on for hearing on March 13, 2008. Robert H. Nunnally, Jr. appeared for plaintiff. No appearance was made for defendant Willits Motors Susanville, Inc.[1] Upon review of the motion and the supporting documents, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS AND RECOMMENDATIONS:

        Plaintiff ADP, Inc., is a Delaware corporation with its principal place of business in New Jersey. BZ Results is a part of ADP, Inc.'s division Dealers Services Group. ADP, Inc. brought this action for breach of contract and unjust enrichment/restitution.

---

[1] Defendant Don Jahn, who is or was General Manager of Willits Motors Susanville, Inc., was dismissed as a defendant on February 14, 2008.

1    Defendant Willits Motors Susanville, Inc., is a California corporation with its
2 principal place of business in California.

3    Jurisdiction is proper under 28 U.S.C. § 1332, diversity jurisdiction.

4    ADP, Inc., provides digital marketing, internet and related services to automobile
5 dealerships through BZ Results, a part of its Dealer Services Group.  Plaintiff alleges the
6 following:  Willits Motors ("Willits") entered into a Service Agreement which included, among
7 other things, a Price Agreement, Terms and Conditions Agreement, Marketing Agreement, and
8 Research & Development Agreement ("the Agreement") on July 15, 2006.  (Complt., Ex. A.)
9 Plaintiff performed all its obligations and duties under the Agreement, except to the extent that
10 such obligations and duties were excused by Willits' failure to perform its obligations and duties.
11 Willits breached its obligation and duties by failing to pay sums due and by sending a letter
12 repudiating its obligations and duties.  Willits contended in the letter of repudiation that its
13 general manager lacked the authority to sign the Agreement.  Plaintiff alleges that general
14 manager Don Jahn had the actual authority to sign the Agreement but, in the alternative, alleges
15 that Willits vested the signatory with apparent authority to sign the Agreement.  The president of
16 Willits, Verlin L. Willits, was notified by e-mail of the transaction on July 11, 2006, prior to the
17 execution of the Agreement, and Willits accepted performance and made a payment under the
18 Agreement.  General Manager Don Jahn signed the Agreement, making an implied and express
19 warranty of his authority to sign on behalf of Willits.  Plaintiff seeks actual damages in the
20 amount of $159,250.00, interest, attorneys' fees and costs.  However, if for any reason, plaintiff
21 cannot recover on the express contract, plaintiff seeks a judgment for the value of the services it
22 provided and a judgment for restitution for the sums and labor expended on the digital marketing
23 system.

24 I.  Request for Default Judgment

25    The complaint in this matter was served upon defendant Willits by personally
26 serving Verlin L. Willits, the registered agent for Willits Motors Susanville, Inc., on September

4, 2007.  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985)(default judgment void without personal jurisdiction).  Defendant Willits has not filed an answer.  The clerk of the court entered default against this defendant on November 2, 2007.  Notice of the entry of default as well as plaintiff's renewed motion for entry of default judgment were not served by mail on defendant at its last known address.[2]  Defendant Willits filed no opposition to the renewed motion for entry of default judgment and entered no appearance at the hearing.

       Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint.  The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

       This court finds that plaintiff has established valid claims for recovery against defendant Willits for Willits' breach of the contract for digital marketing services provided defendant Willits.  Good cause appearing, it is the recommendation of this court that plaintiff be granted default judgment.

/////

/////

---

[2] Rule 55(b)(2) of the Federal Rules of Civil Procedure (December 1, 2007), requires service of the application for default if the defaulting party has appeared personally or by a representative.  (Id.)  Willits has made no such appearance in the instant action.

II. Relief Requested

      A. Actual Damages

Defendant Willits is liable to plaintiff ADP, Inc. for actual damages in the amount of $155,074.00. These damages were calculated as follows:

| | |
|---|---|
| 36 monthly payments of $4550.00 | $163,800.00 |
| One payment made 9/30/2006 | $    4,550.00 |
| Total actual damages | $159,250.00 |
| Less costs avoided[3] | $    4,176.00 |
| Actual Damages | $155,074.00 |

Plaintiff is entitled to the sum of $155,074.00 in actual damages. Plaintiff asked for $154,274.00 and, at the hearing, requested that the court award plaintiff the sum of $154,274.00 in actual damages.

      B. Interest

Plaintiff seeks prejudgment and post judgment interest. In diversity cases, state law governs awards of interest. Lund v. Albrecht, 936 F.2d 459 (9th Cir. 1991). Here, the contract provided that Rhode Island law applies. (Reilly Decl., Ex. A at 7.) Plaintiff seeks prejudgment interest at the rate of twelve percent (12%) per annum, pursuant to R.I. Gen. Laws § 9-21-10, from December 1, 2006 through the date of entry of judgment. Prejudgment interest from December 1, 2006 through March 13, 2008 totals $23,909.62.[4] Additional prejudgment interest should be calculated at the daily rate of $50.98.

Plaintiff seeks postjudgment interest at the federal rate of 2.08% per annum until paid. Plaintiff's request should be granted. Defendant should pay postjudgment interest at the rate of 2.08% per annum.

---

[3] Costs avoided calculated as follows: inventory services ($154/month) + vehicle data services ($20/month) = $174/month x 24 months = $4,176.00. (Reilly Decl. at 3.)

[4] The daily rate of interest was calculated $154,274.00 x 12% / 365 = $50.86 per day. $50.86 x 469 = $23,909.62.

4

C.  Attorneys' Fees and Costs.

The written agreement entitled the prevailing party to an award of attorney's fees, costs and expenses arising from litigation. (Reilly Decl., Ex. A at 7 (¶ 4) & Ex. B (enlarged copy of ¶ 4). Plaintiff requests that the court award $7,365.00 attorneys' fees and $723.12 in costs, for a total of $8,088.12 which are plaintiff's fees and costs with regard to the entire action

Title 17 U.S.C. § 505 provides that the court "in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." The United States Supreme Court confirmed this discretion: "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). While there is no exact formula for how courts should exercise their discretion to grant attorney fees, courts must make their determinations based on equitable circumstances. Id. at 527-533.

Plaintiff seeks attorneys fees in the amount of $7,365.00. The affidavit provided by counsel as to attorneys fees is supported by detailed billings. The sum of $7,365.00 in attorneys fees is reasonable and should be awarded plaintiff.

Title 17 U.S.C. § 505 allows the court in its discretion to award full costs. This court finds litigation expenses in the amount of $723.12 were necessarily incurred in the prosecution of this action, and should be awarded in full.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's February 15, 2008 renewed motion for entry of default judgment be GRANTED. A proposed judgment was filed by plaintiff on February 15, 2008 (docket no. 24). Upon expiration of the objection period, a revised proposed judgment incorporating the above figures will be forwarded to the district court by the undersigned.

///////

/////

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 15, 2008 renewed motion for entry of default judgment be granted.

2. Plaintiff be awarded $154,274.00 in actual damages.

3. Plaintiff be awarded prejudgment interest in the amount of $23,909.62 from December 1, 2006 through March 13, 2008, and the sum of $50.98 per day until judgment is entered.

4. Plaintiff be awarded $7,365.00 in attorneys fees and $723.12 in costs.

5. Plaintiff be awarded postjudgment interest at the rate of 2.08% per annum.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2008.

UNITED STATES MAGISTRATE JUDGE

001;adp.def